Eastern Dis.
*May*, 1832.

HOFFMAN
*vs.*
CLAPIER ET AL.

---

## HOFFMAN *vs.* CLAPIER ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If the plaintiff give evidence inconsistent with or contrary to the right of action set out by him in the petition, he cannot recover. But if the defendant, not satisfied with this proof, will introduce evidence which, instead of corroborating, raises doubts of the verity of that which his adversary has offered, the case must be examined on all the proof.

·The facts are stated in the opinion of the court, delivered by PORTER, J.

The plaintiff states that he faithfully worked in the employment of the defendants, as distiller, from the 15th December,

1829, until the first April, 1830, and that he furnished several articles, indispensably necessary in conducting said distillery, at his own expense.

He further states, his services were worth four hundred dollars, that is, at the rate of fifty dollars a month, and the use of the implements furnished by him was worth one hundred and ten dollars more.

He prays judgement for this amount; that the property left by him in the possession of the defendants may be restored, and for general relief.

The answer avers, the defendants never employed the plaintiff in the manner and form stated in the petition, nor ever profited by his labour; and they join to these allegations a general denial of all the matters and things alleged in the petition.

They also claim in reconvention the sum of eighty-one dollars and ninety-three cents, moneys advanced by them to the plaintiff at sundry times.

On these issues the cause was submitted to a jury in the court below, who found a verdict against the defendants for two hundred and forty dollars, and that the articles furnished by the plaintiff should be returned.

A motion was made for a new trial, and overruled, whereupon, the defendants took this appeal.

On the first hearing of the cause, we were of opinion the judgement below was correct, and we affirmed it, but on an application for a rehearing, we doubted the correctness of our conclusion, and we directed the cause to be heard again.

This has been done. The contest between the parties is not whether the work has been performed; of that, the evidence leaves no doubt. The difficulty is, in what capacity it was performed. The defendants insist the plaintiff was a partner in the establishment, and that his action should be for a settlement of its affairs.

The weight and effect of the evidence on this point will be better understood by giving it in detail. The witnesses hereafter named testified as follows.

*Trenchard*—Plaintiff stated to him he was in partnership with other persons in a distillery.

*La Couture*—The plaintiff was five or six months in the employment of the defendants, as a distiller. On cross examination by defendants he added, that they had acknowledged to him that plaintiff had been six or seven months in their employment.

*Forestier*—Understood from plaintiff he was to form a partnership with the defendants, and was to have one-third of the profits, but never heard of the partnership from the defendants.

*Giavanoly*—The plaintiff told him, he, the plaintiff, had been working with the defendants on joint account; that he was to have a share of the profits, but that they had not rendered an account to him.

Defendants introduced the following testimony:

*Bertel*—Introduced the plaintiff to the defendants, as a distiller. Knows he worked some time in the employment of the defendants as such. That about a month or two after the plaintiff had been employed by defendants, they appeared to be satisfied with him, and one of them (Clapier) stated he thought it would be better to give plaintiff an interest in the profits of the distillery. Had a conversation with the plaintiff on the same subject; and the parties talked of forming a partnership, but whether they did or not, witness cannot say.

*Moreau*—Heard plaintiff say he was to be interested to the extent of one-third in the distillery with the defendants, but he never heard them say so; they told the witness they were obliged to turn away the plaintiff because he spoiled their goods, and was drunk at table.

This evidence requires the case to be considered in two aspects.

*First*, whether the plaintiff is not estopped by his confessions, as proved by himself to maintain this action; and, *secondly*, whether, on the whole evidence, a partnership really did exist.

I. On the first ground it is very clear, that if a plaintiff gives evidence inconsistent with or contrary to the right of action set out by him in the petition, he cannot recover; and in this instance, had the testimony stopped there, the case would have been plain. But if the defendant, not satisfied with this proof, will introduce evidence which, instead of corroborating, raises doubts of the verity of that which his adversary has offered, then we think the case must be examined on all the proof, and that, notwithstanding the parties respectively have furnished testimony against themselves.

Two of the plaintiff's witnesses swear they heard him declare he was in partnership with the defendants. One of them heard he was to form a partnership with them.

On cross examination of a witness of the plaintiff the defendants drew from him a declaration, that he heard them say, the plaintiff had worked for them six or seven months. This was the whole time the plaintiff was in the distillery.

And they prove by two other witnesses introduced by themselves, that he worked some time there before any partnership was talked of; and that they stated they had turned the plaintiff away, because he spoiled their goods.

II. Which of these acknowledgements are we to believe? This brings up the question whether there was a partnership or not? The jury and the court below thought there was not, and we are unable to say they erred. The evidence leaves the fact extremely doubtful. We must believe the plaintiff considered there was one, after his repeated declarations; and we think it equally clear the defendants did not regard their connexion to be of that kind. The plaintiff is proved to be a man in the habit of drinking; and from the evidence, we should apprehend he was, when excited by spirituous liquors, given to vain talking. For instance, it is proved that, before he went to work, he stated to a witness he was a partner. And the defendants have proved clearly that he came to the distillery in a different capacity; and that, about a month or two after he began to work, one of

Eastern Dis. May, 1832.

HOFFMAN vs. CLAPIER ET AL.

If the plaintiff give evidence inconsistent with or contrary to the right of action set out by him in the petition, he cannot recover. But if the defendant, not satisfied with this proof, will introduce evidence which, instead of corroborating, raises doubts of the verity of that which his adversary has offered, the case must be examined on all the proof.

them stated he thought it would be best to give him an interest in the profits; but whether such a partnership was formed the witness does not know. There is nothing in relation to this partnership proved to our satisfaction, except that it was talked of and contemplated.

The pleadings in the cause have not been without their influence on the conclusion just expressed. The answer of the defendants amounts to nothing more than the general issue. They do not set up the partnership as a defence to the action. It is true, as argued by their counsel, that in their answer they may take advantage of the plaintiff proving a contract different from that charged by him in the petition; but it is equally true, that nothing in the pleadings would prevent them, if sued as partners, from denying the partnership; and on the evidence here adduced, it is just as true their defence would be sustained. So that by the ingenious manner in which their cause has been conducted, they would have the plaintiff's labour for nothing. We think the verdict of the jury did justice, and

It is, therefore, ordered, adjudged, and decreed, that the judgement of the court below, in conformity therewith, be affirmed, with costs.

*Canon*, for appellants. *Young*, for appellee.