## J. G. STOCKS *v.* J. A. & P. W FURGUSON.

Defendants' answers to interrogatories, propounded by the plaintiff to establish a sale of lands, cannot be contradicted by parol.

APPEAL from the District Court of the parish of Point Coupée, *Cooley*, J. *A. Provosty* and *F. H. Farrar*, for plaintiff. *U. B. & E. Phillips*, for defendants and appellants.

OGDEN, J. The plaintiff alleges that in the month of November, 1853, he contracted to sell to the defendants nine hundred and fifty-seven acres of land, for which they agreed to pay him thirteen thousand dollars.

The present suit was instituted to recover a balance of three thousand four hundred dollars of the price alleged to be due. The plaintiff states in his petition, that at the time of the agreement which was not reduced to writing, he had himself a full, perfect and formal title to only one hundred and sixty acres, which was known to the defendants; but he alleges it was understood and agreed that he would procure a complete title to be made to the defendant of the whole nine hundred and fifty-seven acres. The plaintiff further alleges, that he made subsequently to the defendants, a deed of the one hundred and sixty acres, to which he had then a complete title, at which time the defendants paid him $4,000 in cash ; that he procured a title to be made to them by *S. A. Lacoste*, of six hundred and sixty acres more, which *Lacoste* had previously

contracted to sell to the plaintiff, and that for the remaining one hundred and thirty-seven acres, he had procured a patent from the State of Louisiana, and had tendered to the defendants, a deed for the land embraced by it, which they refused to receive.

STOCKS
*v.*
FURGUSON.

Interrogatories to establish these facts were propounded to the defendants. They admit, by their answers, that such an agreement had been made; but say that it was upon the understanding that the plaintiff owned the nine hundred and fifty-seven acres, and that when they found he only owned one hundred and sixty-acres, they bought that quantity from him, with a wagon and four mules, for which they paid him. They deny that they ever made any other purchase from the plaintiff.

It was proved that *Lacoste* had made an agreement with the plaintiff to sell him the six hundred and sixty acres, and that at his request the deed was made directly by *Lacoste* in favor of the defendants. The deed contains no reference to any agreement between the plaintiff and *Lacoste,* and the defendants bound themselves to pay the price to *Lacoste.*

The deed to the one hundred and sixty acres from plaintiff to defendants was not produced in evidence. That deed would have shown whether the $4,000 paid to the plaintiff was on account of the verbal agreement for the sale of the whole of the land, or for the specific price of the property then sold, as the defendants aver. It is to be presumed, the plaintiff would have produced it, if by doing so, he could have contradicted the defendants answers.

It is however clear, that the plaintiff did not obtain the confession of the defendants in answer to the interrogatory, that there was a sale of any other land. Parol evidence could not be received to contradict the answers and thereby establish a sale, and the plaintiff consequently failed to make out his case.

It is therefore ordered and adjudged, that the judgment of the court below be avoided and reversed, and that there be judgment for defendants, with costs in both courts.