W. L. KNOX *v.* W. L. THOMPSON.

When a motion is made to take the answers of parties to interrogatories for confessed, on the ground of their being evasive, the court must act on the motion, it cannot be referred to the jury to determine on the merits of the cause.

It is only when there has been an actual delivery of immovables or slaves sold that the law receives as evidence of the sale the confession of the party when interrogated on oath. C. C. 2255. Parol evidence cannot be received to contradict the answers.

Where a party who has been put upon oath gives all the facts of the case which are necessary to the determination of the question propounded to him, he has complied with the law, and he is not bound nor permitted to answer questions of law based upon those facts.

Where, from the relation of the parties, as deduced from the answers to interrogatories, it is manifest that although both parties expected that the preliminary arrangements for a sale would be carried out, yet neither of them considered a sale had been concluded unaccompanied with conditions, a sale is not established. Damages incident to the institution of a suit for the recovery of any civil right cannot, as a general rule, be recovered upon a demand in reconvention.

APPEAL from the District Court of Carroll, *Farrar*, J.
*E. Sparrow* and *Short & Parham*, for plaintiff. *A. B. Caldwell* and *Benjamin, Bradford & Finney*, for defendant and appellant.

LEA, J. This suit is brought for the recovery of damages incident to a breach of an alleged contract of sale. It is true the plaintiff asks that the defendant be ordered to execute an act of sale, and asks damages only in the event of his failure to comply with a specific performance of his alleged contract, but the evidence shows that the defendant had sold the property which is the subject matter of contestation to third persons before the institution of this suit.

The plaintiff alleges that he entered into a contract of sale with the defendant, by which the latter agreed to sell to him the undivided half of a plantation, with one hundred and fifteen slaves, together with the mules, cattle, corn, &c., belonging to the place, for the price of $78,225, payable upon the terms set forth in the petition; but that, although he has been ready to comply with his part of the contract, as stipulated, the defendant has refused to pass the act of sale, as he was bound to do. The plaintiff alleges that, by reason of this refusal, he has sustained damages in the sum of $10,000, for which sum he claims judgment on the alternative of the failure of the defendant to pass the act of sale, as above stated.

Interrogatories were annexed to the petition, which the defendant was called upon to answer under oath. The plaintiff, considering the answers of the defendant unsatisfactory and evasive, moved the court that the interrogatories be taken for confessed. The court did not act definitively upon this motion, but referred the matters in the motion set forth to be determined upon the merits. The case was tried by a jury, who found a verdict in favor of the plaintiff for the sum of $8000. From a judgment rendered in accordance with this verdict the defendant has appealed.

We think the court erred in not acting upon the motion to take the defendant's answers for confessed. It was the exclusive province of the court to determine what evidence should go to the jury. As the case was presented to them, they were called upon to determine the question whether the answers of the defendant were or were not in evidence, and whether the interrogatories were or were not to be taken for confessed. Upon the sufficiency and effect of

these answers the case must, in our opinion, be decided. No parol evidence could be introduced to contradict these answers.

The policy of the law extends a special protection to the titles by which immovable property and slaves are held. It does not permit them to be invalidated or attacked by parol evidence, and though it is permitted to one of the parties to a verbal sale of real property to probe the conscience of the other by calling upon him to answer interrogatories; even this can only be done when there has been an actual delivery of the immovable property or slaves sold. C. C. 2255.

We have but two questions, therefore, to settle in this case:

1st. Are the answers evasive or unsatisfactory?

2d. If not, do they establish a sale from the defendant to the plaintiff?

The defendant, on being asked whether he did not sell to the plaintiff the undivided half of the property described in the petition upon the terms therein set forth, and whether the said *Knox* did not agree to comply with said terms, answers "that he did not sell and deliver the property described in the petition." If the answer had gone no further, it probably should be considered evasive, but to avoid all misapprehension, the defendant made a full statement of all the facts connected with the transaction, which, so far from being evasive, is unusually minute and specific, and appears to us to indicate good faith on the part of the respondent.

When a party who has been put upon oath gives *all* the facts of the case which are necessary to the determination of the question propounded, he has complied with all that the policy of the law requires. He is not bound, nor indeed would he be permitted by his answer to settle questions of law based upon the facts.

Whether the facts set forth in the defendant's answer constitute a sale is a question of law, which the plaintiff himself would not be willing to submit to the opinion of the defendant. In stating the facts of the case, therefore, the defendant has done all that the law requires of him.

The defendant answers that the plaintiff represented to him that he was a man of means and credit, familiar with the business of planting, and that, therefore, with a view to the establishment of a partnership between them, he was induced "to entertain a proposition from said *Knox* to become a partner in his, respondent's plantation. He, the said *Knox*, proposing to live on the said plantation all the year and manage the affairs of the same as a *permanent* partner, and that he did accordingly verbally agree on the basis or preliminaries of a sale or partnership in one-half of respondent's plantation,". &c. That after said verbal agreement, he requested the said *Knox* to enter into writings with him previous to his departure for New Orleans, "and thereby *complete and close the agreement*, which said *Knox* declined to do."

Respondent avers that before the sale was completed he ascertained to his great astonishment that *Knox* was worth nothing; that his wife had obtained a separation in property from him; that no debt due by him could be collected, and that he was not only without means but without credit; that under these circumstances he sent the plaintiff a written notice that his proposal for a purchase did not suit him and that he therefore declined his offer.

We deem it unnecessary to transcribe the whole of the defendant's answer, nor do we think it is necessary to consider the question of bad faith on the part of the plaintiff, as displayed in the answers.

KNOX
v.
THOMPSON.

The only question which we consider it essential to determine is whether, from the scope of the answers themselves, it appears that the defendant had irrevocably bound himself by a contract of sale.

If we are to consult the intentions of the parties, as deduced from the answers, we think it manifest, that although both parties expected that the preliminary arrangements would be carried out, neither of them considered that a sale had been concluded, unaccompanied with conditions or reservations having reference to the management of the place. This conclusion relieves us from the necessity of examining the other questions presented in the record.

· There is no legal ground for the demand in reconvention in this case. Damages incident to the institution of a suit for the recovery of any civil right cannot, as a general rule, be recovered upon a demand in reconvention.

It is ordered, that the judgment appealed from be reversed; that upon the plaintiff's demand there be judgment for the defendant, and that the demand in reconvention be rejected. It is further ordered, that the plaintiff pay costs in both courts.

BUCHANAN, J.  In addition to the remarks of Mr. Justice Lea as the organ of the court, in which I entirely concur, I would add that, in my opinion, the proof of a sale of immovables or slaves by interrogatories, under Article 2255 of the Civil Code, is only admissible for the purposes of perfecting the title in the vendee or of recovering the price by the vendor, in cases where actual delivery has been made of the immovables or slaves sold verbally. From the words of the Article, it cannot have been intended as a means of recovering damages from the vendor for a refusal to deliver. The Article requires that actual delivery should have been made.