## B. F. LINTON *v.* S. W. WIKOFF.*

Article 2256 of the Civil Code which declares "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before or at the time of making them, or since, applies, as a rule governing real estate, to adjudications made at sheriff sales.

The prescription applicable to a demand by the holder upon a note is not applicable to the demand of the surety for re-imbursement against his principal. The latter is a personal action which is barred only by ten years.

APPEAL from the District Court of St. Landry, A. VOORHIES, J. *B. F. Linton*, for plaintiff and appellant. *Lewis & Porter*, for defendant.

MERRICK, C. J. The defendant having advanced certain sums of money to pay some debts for which he had become security for the plaintiff, in order to secure himself, bought in at Sheriff sale (as plaintiff alleges, below its value,)

---

* This case was decided in 1856, rehearing granted and finally decided in 1857.

the plantation and certain negroes of the plaintiff. The plaintiff was suffered to remain upon the property sold for some time, but finally the defendant assumed possession of the property so purchased. Plaintiff alleges that in the month of December, 1849, he "delivered the same up with the express stipulation that he, defendant, was to take it at a fair valuation to pay any amount with all the interest and cost which might then be due to him, and to pay the balance over to petitioner."

He avers that, on the 23d day of February, 1850, the valuation of the property was $13,600; that his, *Linton's,* indebtedness to *Wikoff* was $4,437 76; that he had fully complied with his contract, but that the defendant on the 23d of February, 1850, made a pretended sale of the property for cash "to sacrifice the property and buy it himself for nothing."

The petition concluded with a prayer that the defendant be condemned to pay him $9,163 34 and five per cent. interest from the 23d of February, 1850, and any other sum the court may deem legal, equitable and just.

The answer denies generally the plaintiff's petition, and the defendant therein sets up in reconvention two promissory notes of plaintiff, which he, the defendant, alleges he had as the surety of plaintiff paid and taken up.

Judgment was rendered in favor of the defendant for $3,346 66 and interest, subject to a credit of $461 12 for professional services.

The plaintiff appealed.

He urges, that the Judge of the District Court erred in refusing to hear parol proof, viz, the testimony of *John H. Taylor,* the agent of the defendant, who was asked "if he had any written authority from the defendant, his principal, to make a sale of the property, consisting of lands and slaves, on the 23d of February, 1850, it being the second sale of the same property." He was further asked "if it was not to his knowledge that there was an agreement in relation to the second sale of said property between the plaintiff and defendant after the adjudication of it in 1845 to defendant, and what were the terms of it." The plaintiff further stated that he intended to prove by *Dr. Taylor* and other witnesses, that at the first sale, in 1845, the defendant had purchased the land and slaves greatly below their value, but that in the present action it was not intended to attack the validity of the Sheriff's adjudication to defendant. The District Court was of the opinion that the testimony was inadmissible under Art. 2256 C. C., and the plaintiff excepted.

The plaintiff contends that the Article of the Code cited applies to notarial acts, and not to adjudications made at Sheriff sales, and that parol proof is admissible to explain these last mentioned sales.

But in his bill of exceptions as well as petition, the plaintiff concedes, in this suit, that the sale of 1845, was legal. It must follow that the legal title rested in the defendant, and that the property in his hands became subject to all the rules governing real estate. Hence the title could not be affected by parol; and the plaintiff not having protected himself with a counter title, nor interrogated his adversary on facts and articles, the Sheriff's adjudication became invincible. If the plaintiff relies upon defendant's letter of March 1st, 1847, it amounts to but little more than a pollicitation, for there is nothing in the Record to show an acceptance or a payment made under it The defendant says in this letter: "I am not desirous of the possession of this property with the train of trouble and vexation necessarily attending its management. If you can by your industry, economy and skillful husbandry make out to pay

LINTON
v.
WIKOFF.

punctually the interest of the aggregate debt and a portion of the principal, I am most cordially disposed to allow you a reasonable time to do it."

It is clear that this letter does not support the allegation in the plaintiff's petition, that at the time he delivered possession to the defendant in 1849 there was an express stipulation between the parties, that *Wikoff* was to take the property at a different valuation from the price at which he purchased.

But under the allegations of plaintiff's petition, and in view to the single objection made to the testimony, he should have been permitted to prove, by parol, that the property was bought by *Wikoff* in 1845 greatly below its value.

This would not have been proving *title* to real estate by parol. If the plaintiff had produced written proof of his other allegations this testimony might have been important. But as it is not pretended that the plaintiff has other than parol proof of his contract, it would be idle to remand this case for the purpose of receiving proof on that point alone.

We have been requested, in the event this case is not remanded, to reserve to the plaintiff the amounts paid by him since the sale. We do not discover any payments made by him which he was not obliged to make.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, and that the plaintiff pay the costs of the appeal.