Hon. A. M. Buchanan,
Hon. T. T. Land,
Hon. A. Voorhies,
Hon. A. Duffel,

} Associate Justices.

---

E. Barbin, Administratrix, *v.* François Gaspard et al.

15 539
51 1463
15 539
e1101077
15 539
d118 466

Testimonial proof is inadmissible to establish title to a slave by virtue of a sale—the evidence should be in writing.

Where a slave was really bought by one party, but the title was made in the Act of sale to another party, who was interposed for certain purposes—*Held:* That the relation of vendor and vendee as contemplated by Art. 2255 C. C., does not exist between the real purchaser in this case and the interposed party, and that such a case would not come within the provisions of that Article.

In a case where such relation does exist, if either party when interogated denies the sale, such denial is conclusive on the other, and testimonial proof cannot be admitted to contradict it.

The answers of the vendor of the interposed party to interrogataries on facts and articles propounded to him, can only be regarded in the light of testimonial proof in respect to such interposed party.

Parol testimony to show fraud or simulation in a sale of immovable property or slaves of an ancestor, to the prejudice of the legitime of the forced heirs, may in a certain class of cases be introduced, but such evidence never can be introduced by the heirs, without the consent of the adverse party, to show title in the ancestor to such property, for the purpose of increasing the amount of the assets of his estate.

Testimonial proof is not admissible for the purpose of proving that a third person was interposed to receive, or to be invested with, title to real estate or slaves, for the use of, and instead of the intended vendee.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom*, J. *Barlow & Waddill*, for plaintiff and appellant. *Cannon & Irion*, for defendant.

Land, J. This is a petitory action, in which the plaintiff, as administratrix of the succession of her late husband, *Joseph Normand*, and as tutrix of his minor heirs, demands the recovery of a negro girl in the possession of *George W. Snoddy*, one of the defendants to the suit.

The plaintiff alleges, that *Joseph Normand* purchased the slave from *François Gaspard*—but that the title was made in the notarial act of sale to *G. W. Snoddy*, who was only a person interposed for the purpose of defeating the pursuit of *Normand's* creditors, and that the sale to *Snoddy* was a pure simulation, without any reality whatever.

In order to establish the simulation of the sale to *Snoddy*, the plaintiff propounded interrogatories on facts and articles to him, and also to the vendor, *François Gaspard.*

The answers of *Snoddy* deny explicitly the alleged simulation, and affirm that the sale of the slave to him was a real sale, and that he paid the price stipulated in the act of conveyance. The answers of *Gaspard*, on the contrary, show that the sale of the slave was intended as a transfer or conveyance to *Normand*, and not, as expressly declared in the act, a sale to *Snoddy*. The plaintiff offered to prove, in addition to the answers of *Gaspard*, by the testimony of witnesses, the simulation of the sale, as alleged in her petition,—but the testimony was rejected in the court below, and a bill of exceptions was reserved to the ruling of the Judge.

It thus appears, that the plaintiff claims title to a slave, *by virtue of a sale*, but is without any evidence in writing, of title, and relies on testimonial proof to establish her demand.

Evidence of this kind is insufficient to establish title, either to real estate or slaves. The Civil Code declares, that all sales of immovable property or slaves shall be made by authentic act, or under private signature; and that a verbal sale of any of these things shall be null, as well for third persons, as for the contracting parties themselves, and the testimonial proof of it shall not be admitted. Art. 2415.

The plaintiff, however, seeks to bring her case within the provisions of Article 2255 of the Code, which declares that every transfer of immovable property or slaves must be in writing; but if a *verbal sale*, or other disposition of such property be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property or slaves thus sold.

It is to be observed, in the first place, that the relation of vendor and vendee, as contemplated by the last mentioned Article of the Code, does not exist between the plaintiff and *G. W. Snoddy*, and that the application of this Article to the plaintiff's case, may be well questioned. But if it be conceded, that such a relation does exist, then the answers of *Snoddy* to the interrogatories on facts and articles must be conclusive on the plaintiff, and testimonial proof cannot be admitted to contradict them,—for the reason, that the effect of such proof would be to establish title to real estate or slaves by parol, in direct opposition to the clear and express declarations of the law in the Articles of the Code above mentioned.

It is to be observed, in the second place, that the answers of *Gaspard*, the vendor of *Snoddy*, to the interrogatories on facts and articles propounded to him, can only be viewed in the light of testimonial proof in respect to *Snoddy*, and as such, are wholly insufficient to establish title in the plaintiff to the slave in dispute. These answers, it is true, were offered in evidence without objection,—but they are flatly contradicted by those of *Gaspard's* vendee, and cannot be considered as evidence offered without objection, and sufficient in itself, (contradicted as they are,) to make out the plaintiff's case.

In the third place, it is to be observed, that this case is not one of those in which the forced heirs of the vendor may show by parol testimony the simulation of a sale by their ancestor, for the reason that the vendor of *G. W. Snoddy* is not the ancestor of the forced heirs represented by the plaintiff, and for the further reason, that it does not appear by any evidence recognized by law, that their ancestor ever had any title to the slave in dispute.

There is a great and material difference between the right to introduce parol testimony to show fraud or simulation, in the sale of immovable property or slaves by the ancestor, to the prejudice of the legitime of the forced heirs, and the right to introduce parol testimony to show title in the ancestor to such property, for the purpose of increasing the amount of assets belonging to his estate. The former right may, in a certain class of cases, be exercised; but the latter right never can be, without the consent of the defendant, or party claiming adversely to the heirs. It is the latter right which the plaintiff seeks to exercise in this case, contrary to the letter and spirit of the law, as well as the will of the defendant.

And finally, it may be said, that testimonial proof is not admissible for the purpose of proving that a third person was interposed to receive, or to be invested with, title to real estate or slaves, for the use of, and instead of the *intended vendee*, especially where there is no charge (as in this case) of fraud, or other ill practice, because the effect of such proof would be, as said before, to establish title to real estate or slaves, by parol, contrary to the express provisions of the law.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.