## No. 3.

### S. HEROLD vs. J. J. STOCKWELL.

32   949
45   616
32   949
114   823
32      949
122   1056

Although the contracting parties have called a sale an agreement by which a planter pretends to sell his growing crop to his creditor for a certain sum of money, which, together with whatever may be realized from the crop, shall be placed to the credit of the planter's account with the creditor,—yet such a contract is not one of sale but of security. The ownership of the crop is not transferred by it, and the relation of the parties is not that of vendor and buyer, but remains that of debtor and creditor.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

Hicks & Hicks for Plaintiff and Appellee :

First—The contract between Blackwell ·and Herold, whether a nominate

or innominate contract, is a valid obligation. 12 A. 125-6, 531. It was an executed contract on the part of Blackwell, and the crop was completely vested in Herold, so that the vendor could not reclaim it; though, on the part of Herold, it was partly executed and partly executory and conditional. Story on Contracts, Secs. 236, 246; C. C. 2456, 2021; 23 A. 405; C. C. 488, 489, 494. This interpretation, according to its form, is not shown to be different from their understanding of the contract, and must prevail. 4 L. 469.

Second—The defendant, in taking possession of the plaintiff's crop, and converting it to his own use, violated his obligations as lessor and committed a trespass, and owes him, the plaintiff, reparation, not only to the value of the cotton, but for his expenses in bringing and prosecuting this suit, including the fee of his attorneys, and also in vindictive damages. C. C. 3165, as amended, Acts of 1872, p. 36; C. C. 2315, 1934; 29 A. 214, 571; 15 A. 163. The highest estimate of the damages will be adopted, without compensating the defendant for his expenses in gathering the crop. 25 A. 417; C. C. 1891, 1892, 1965; 10 A. 13; 3 A. 204.

J. L. Hargrove for Defendant and Appellant:

First—Whoever claims damages based on a deprivation of prospective profits, must establish such facts in evidence as will enable the court to fix with certainty the amount of the deprived profits. 30 A. 264, Bartley vs. City of New Orleans.

Second—He must show title. In such a case, the defendant is entitled to allege, and to introduce, any pertinent evidence to prove the nature and limitations of the plaintiff's rights in the property, and in no event can he be held for a greater proportion of the damages than the nature and extent of the plaintiff's rights in the property would equitably entitle him to claim. 30 A. 487, Burbank vs. Harris.

Third—The attempt of a lessee or his vendee to forcibly remove from the leased premises property subject to the lessor's privilege, is a trespass sounding in damages. 29 A. 213.

Fourth—The laborer having abandoned the crop without the consent and against the remonstration of his employer, forfeited his contract, and was not entitled to recover, and therefore his vendee could not. 23 A. 317, Bartel vs. Sadoudi.

The opinion of the Court was delivered by

TODD, J. The defendant leased to one Alfred Blackwell a part of a plantation known as Mrs. Cane place, in Bossier parish, for the year 1879. The land leased was planted partly in cotton and partly in corn by the

lessee, who was to pay for the rent one-third of the cotton, and one-half of the corn produced thereon. On the 16th of August of that year, the lessee, Blackwell, executed in favor of plaintiff the following writing, to wit:

" State of Louisiana,

"Parish of Caddo.

" For the consideration of fifty dollars, the receipt of which is hereby acknowledged, I agree to sell, and hereby do sell and deliver to S. Herold, of the above State and parish, the whole crop of cotton and corn, exclusive of the one-third belonging to J. J. Stockwell for rent, grown by myself on what is known as the Cane place, in Bossier parish. It is further agreed that anything the crop of cotton and corn brings over the above stipulated price of fifty dollars shall be placed to the credit of my account, like the fifty dollars."

Immediately after the execution of this instrument, the plaintiff sent to the leased premises laborers employed by him to take possession and control of the crop. The defendant would not permit these employees of the plaintiff to gather the crops, and compelled them to leave the place, and subsequently had the crops gathered, and refused to recognize any right thereto in plaintiff, but retained and disposed of the same. Thereupon the plaintiff instituted this suit for damages, and assessed the damages at $1050, the alleged value of the crops, and the further sum of $150 for attorney's fees, for which sums judgment was prayed for.

The answer alleged the lease of the land to Blackwell; admitted that the gathering of the crops by plaintiff and his employees was prevented by him, and they made to leave the premises; charged that they were trespassers, and denied all the other allegations, and especially that he had incurred any liability to plaintiff by the acts complained of, and set up a reconventional demand for $4000, for damages caused by the alleged trespass.

There was judgment in favor of the plaintiff for two hundred and fifty two dollars and sixty-seven cents and interest, the amount of plaintiff's debt against the lessee, Blackwell, and for the further sum of $150 damages. From this judgment the defendant has appealed.

The plaintiff bases his demand on the alleged violation of his rights, and the alleged retention of his property, claimed to have been acquired by him by the contract of the 14th of August, 1879, above referred to. This contract being the basis of the suit, its construction is the main question presented for our consideration. Did the plaintiff acquire the ownership of the property, the value of which he sues for by this contract? In other words, was this a contract of sale? The parties term it a sale, but courts will regard the essence of a contract rather

than its form, or the name by which the contracting parties choose to designate it.   4 L. 469 ; 10 L. 243 ; 1 A. 254; 3 A. 294 ; 10 A. 533.

It is the very essence of a sale that it divests the ownership of the seller in the thing sold, and transfers it in full property to the buyer. Did the contract in question effect this ?   Did it invest the plaintiff with the complete ownership of the crops for the price stipulated, with the right to dispose of them and to retain and enjoy the entire proceeds of them ?   An inspection of the instrument shows very plainly that it did not confer on the plaintiff any such right ; did not invest him with complete dominion over the property.   On the contrary, the last clause stipulated that the entire proceeds of the crops over the fifty dollars were to be placed to the credit of Blackwell, the alleged vendor, in the account owing the plaintiff by him.   This alone is sufficient to preclude the idea that it was a sale.   Nor was it a giving in payment, since such a contract, equally with a sale, transfers the property in full ownership to the purchaser, and differs from a sale mainly in making the delivery of the thing transferred essential to the completeness of the contract. In fact, it is one of those innominate contracts that may be likened in some respects to a pledge, but which could not confer on the transferee a larger interest in the property than sufficient to secure the payment of the debt that might be owing by the transferrer.   If there were any doubt about the proper construction of this contract, that doubt would be removed by referring to the testimony of the plaintiff himself, to be found in the record,   He says, " my sole object in keeping the crop was to secure the debt which Blackwell owed me."   We do not think he is entitled to any thing more.

The defendant's counsel insists that the demand should be rejected. He urges that the plaintiff was a trespasser upon the premises leased by the defendant to Blackwell,.and should be treated as such, and refers us to the case of Cooper vs. Cappel, in support of his views.   This case differs from that in several essential particulars.   In that case the term of the lease had expired ; the rent was past due, and the lessee sold the cotton ginned and baled, and under pledge for the rent, and the only security for its payment, to other parties, who came upon the plantation, and in and by force and violence removed the cotton from the place.   In this case the rent was not due; the crop had to be gathered before the rent could be paid—since it was by the terms of the contract to be paid in kind, and the evidence satisfies us that the plaintiff's employees entered upon the premises, not for any illegal purpose, but to gather the crops, and the plaintiff offered to pay defendant the rent contracted to be paid by Blackwell, and the advances made to him by the defendant.

We do not think, however, that the evidence justifies the damages allowed by the judge *a quo* beyond the amount owing by Blackwell to

the plaintiff, and which the transfer or pledge of the crop was intended to secure. The defendant was the lessor, and as such had a privilege and pledge upon the entire crops of the lessee, until his rent was paid. He may well have believed that a contract made by his tenant, which purported to transfer the crops then standing ungathered in the field, and to provide for the occupation of the premises, and the gathering of the crops by strange parties, with whom he, the planter, had never contracted was intended to interfere with the rights which as lessor, he claimed under the pledge resulting from the contract of lease. There is no warrant in the evidence or the law for these damages, and in this respect the judgment must be changed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended, by rejecting the damages of $150, allowed therein, and affirmed in every other respect, plaintiff to pay the costs of this appeal.