## No. 9623.

### L. A. CROZIER vs. W. H. RAGAN.

The conveyance of property in the form of a sale does not vest the ownership in the apparent buyer if the deed was really intended by both parties to be a mortgage.

The answers of one of the parties to interrogatories on facts and articles propounded by the other, are equivalent to a counter-letter and have the same force and effect. They are unquestionably admissible in evidence.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Goode, J.

*John B. Winder, L. F. Southon* and *T. Gibson* for Plaintiff and Appellee.

*John S. Billiu* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. On December 4, 1882, the plaintiff conveyed to the defendant certain property in the parishes of Lafourche and Terre-

bonne. The conveyance was in the form of a sale, the consideration being $9050, but the plaintiff alleges that it was really a mortgage, or as he called it in his petition, a pledge, and the object of his suit is to have it so adjudged. The prayer is "that the plaintiff be declared the owner of the property alleged to have been sold, that the act of sale of December 4, 1882, be declared not a sale but a mere pledge, and that he be quieted in the possession and ownership of the property."

Crozier remained in possession after the sale, managed it as he had done before, and exercised the same rights of proprietor after as before the sale. The plantation was run at his risk. The losses of its cultivation fell on him. He owed Ragan about six thousand dollars at the time of the conveyance. How much he owes now is not definitely shewn. Ragan says it is $20,000.

Interrogatories on facts and articles were propounded to Ragan and in one of his answers he says: "The sale was made to secure me for the then existing debt and such future advances as I might make him." To another of the interrogatories he answered: "I may have declared to Oscar Crozier, agent of L. A. Crozier, that I held the title as security for such outlays and the original indebtedness and may have written him to that effect."

It is manifest that the conveyance was intended and understood by both parties to be a security for an existing and an anticipated indebtedness. The use of a form of sale to accomplish that object has not been infrequent, and in Parmer v. Mangham, 31 Ann. 348, where a number of decisions on such cases are grouped, it was held that such conveyance does not vest the ownership of the property in the creditor.

Strenuous opposition was made to the reception of any testimony other than a counter-letter to contradict or vary the act of sale. There was no counter-letter, but the answers of the defendant to the interrogatories on facts and articles have all the effect of a counter-letter. They are the contradiction of one of the parties to the act of sale of the recitals therein made and the confirmation by him of the truth of the allegations of the other party as to the real nature and character of the act, and are as much admissible in evidence as a counter-letter. Newman v. Shelly, 36 Ann. 100.

The judgment below was for the plaintiff. We understand that judgment to be in accordance with the prayer of the petition, merely declaratory of the real nature of the conveyance. It does not accord the plaintiff the ownership of the property freed of the debt he owes the defendant, if he does owe anything now. It merely declares that the conveyance was not a sale, but was a mortgage or pledge, and therefore if any part of the mortgage debt exists, the act secures its payment. And with this understanding and construction of the judgment,

It is affirmed.