The judgment appealed from is therefore affirmed.

---

(42 South. 780.)

No. 16,745.

LENEHAN v. GULF LAND & LUMBER CO.

(Jan. 7, 1907.)

CORPORATIONS — REORGANIZATION—DEBTS OF ORIGINAL COMPANY.

Plaintiff accepted notes from the president of defendant company personally.

If he is not concluded by the fact that he accepted the new notes in lieu of the old notes, then it will be incumbent upon him to prove that the Leesville Lumber Company, Limited, was merged into the defendant company, which company has become the successor of the former, or that it has assumed the payment of the liabilities of the former company.

To that end the charter of the defendant company is admissible in evidence without restriction, and all other evidence pertinent to the issues.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John Bachman Lee, Judge.

Action by W. C. Lenehan against the Gulf Land & Lumber Company. Judgment for defendant, and plaintiff appeals. Reversed.

Sidney Irwin Foster and Charles Wheaton Elam, for appellant. Saunders & Gurley and Monk & Palmer, for appellee.

BREAUX, C. J. Plaintiff instituted this suit to recover the sum of $4,406.44, and interest thereon, and commission for attorney's fee. The following shows how the debt arose:

Plaintiff was the purchasing agent of the Leesville Lumber Company, Limited, and as its agent he bought lands and timber. The title was placed in the name of the company, but he paid the price for the company and became its creditor in the sum before mentioned for the price advanced and for the services rendered by him as purchasing agent in accordance with agreement. The company acknowledged the indebtedness, and executed two promissory notes, signed by its president, Thomas Stables, as evidence of its indebtedness. The notes had matured, and were some three months past due. It appears that plaintiff sought to collect them. Failing in this, he called on the Gulf Land & Lumber Company to furnish him with other notes in place of those he held. He did not persist in his demand upon this company for other notes; for he avers that finally (under protest, it is true) he accepted in lieu of those he expected from the Gulf Land & Lumber Company the personal notes of Thomas Stables, who had been president of the Leesville Company, and was afterward president of the defendant company.

Plaintiff avers, further, that he notified Stables at the time that he none the less looked to the Gulf Land & Lumber Company for payment.

Plaintiff in this suit seeks to maintain the position that the Leesville Lumber Company, his original debtor, had merged itself into the Gulf Land & Lumber Company, and that the latter company had assumed the debts of the former, and, as he was one of the creditors, the latter was indebted to him for the amount in question; that the assets of

the Leesville Lumber Company, including the land which he had bought, passed into the ownership of the defendant company.

The defense was that no privity of interest existed between the Gulf Land & Lumber Company and the Leesville Lumber Company, Limited, and that there were no grounds upon which the former could be held for the debts of the latter; that one company was separate, independent, and distinct of the other.

The defendant admitted that it bought certain effects of the Leesville Company, but asserted that it was in the usual course of business, and that it did not assume any of the liabilities of the Leesville Lumber Company, Limited.

Plaintiff, as a witness in his own behalf, stated that Stables, whose note he held, did not owe him anything personally, and that he protested against receiving his personal note in lieu of the old notes of the Leesville Lumber Company, Limited.

The last notes taken by plaintiff were pledged by him to the First National Bank of Leesville as collateral security to secure the amount of plaintiff's indebtedness to the bank.

The district judge rendered judgment in favor of defendant, and rejected plaintiff's demand.

The following ˙testimony was offered by plaintiff, excluded by the court, and a bill of exceptions reserved:

Note signed by Thomas Stables, save to show rem ipsam. Sales by different vendors to the Leesville Lumber Company, Limited.. The proof that the Gulf Land & Lumber Company had paid an account owed by the Leesville Lumber Company, Limited. Sale of land from the Leesville Lumber Company to the Gulf Land & Lumber Company. Charter of the Gulf Land & Lumber Company, save for the purpose of showing rem ipsam. Evidence of protest by plaintiff against receiving the notes of Thomas Stables individually.

If the evidence above referred to did not prove plaintiff's case, it none the less, in our view, presented a question relating to the merits, and as such was admissible.

The allegations of plaintiff presented the issue which this evidence tended to prove.

The plaintiff was not bound to prove all the links in the chain of evidence, if it was evident that the theory upon which the evidence was excluded brought the case to a close. Besides, the plaintiff had a right to prove that the notes were received under circumstances showing that the new notes were not accepted in lieu of the old notes.

The plea of novation not having been filed, it occurs to us that it is an additional reason why there is just ground to complain of the ruling.

We leave these considerations to take up for a moment the decisions cited by the learned counsel for defendant.

In the first place, the decision in Rowand v. Jarvis, 5 La. Ann. 43, is cited.. It decided that the rejection of evidence not sufficient to change the result of the suit is not good ground for remanding the case. In that case the defendant and appellant knew "that the evidence was not sufficient to change the result, for it was before the court," while in the pending case the evidence is not before this court.

In another decision, cited by defendant's counsel, the court held that the appellant should show, by his exceptions or by the record, that the excluded evidence tended to prove his case. The court states the rule it sustained as follows:

"It is not necessary that the relevancy of evidence should appear at the time of offering; the usual course being at any proper and convenient stage of the trial to admit, under the direction of the judge, any evidence which counsel shows will be rendered material by other evidence which he undertakes to produce."

This ruling is good practice, but in the pending case there was evidence excluded which did not fall within the rule in question; for plaintiff had the right to prove that he objected to accept the note upon which he sued, and, further, to prove that he had not accepted the new note in satisfaction of the old.

If it became evident to plaintiff that his notes were to be considered as binding him absolutely, it was useless to consume the further time of the court and to incur further expense.

Plaintiff cannot be held to the necessity of continuing in offering further testimony. He could stand on what he deemed his right, and let the case go to a nonsuit, in order to have determined whether or not the notes he held had novated the debt.

In Linton v. Wikoff, 12 La. Ann. 878, also cited, the decision turned on the fact that the plaintiff had other parol proof of a sale of real property. The court said that it would be idle to remand the case for the purpose of receiving proof on that point alone. In the pending case, however weak the evidence offered may be, it may, none the less, tend to prove plaintiff's demand.

We will not review decisions rendered in other jurisdictions under local laws or systems of practice which do not obtain in this state.

We will notice another decision cited by counsel for defendant, in which it was decided that, though evidence was properly excluded, as it is in the record, it will be considered, and it will be remanded, citing a number of decisions in support of the proposition. Bebe v. Kaiser & Brown, 19 La. Ann. 271.

The facts are not the same in the case before us. The evidence is not in the record.

Learned counsel for defendant urged with clearness that, if all of the evidence excluded had been admitted, still it would not have shown that the defendant is in the least liable. That may well be, but we do not find it possible to arrive at the conclusion which he confidently urged, as there is no record evidence before us tending to prove anything.

We can state that the purpose, which plaintiff announced when he offered the evidence which was excluded, as before mentioned, has every appearance of serious endeavor on the part of plaintiff to prove defendant's liability.

It may be that, if the evidence were before us, we would agree with our learned brother of the district court; but, as it is, the record being barren of all evidence, we are constrained to arrive at a different conclusion.

We will state that we remand the case in order that the district court may determine whether or not plaintiff is restricted to the notes which he accepted from Stables individually; if he is not, then to determine the liability of the Leesville Lumber Company, Limited, to plaintiff, and whether or not the defendant company is only another name for the Leesville Company, and, as its successor, is liable.

If plaintiff should prove that defendant is liable for the debts of the Leesville Lumber Company, Limited, the defendant will then, doubtless, not hesitate to interpose the plea of novation.

The case will have to be proceeded with anew. It is the safer practice. If plaintiff can establish his claim, he will only recover his own. If he does not establish his claim, it will only cause a short delay at his expense.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.

It is further ordered, adjudged, and decreed that this case be, and the same is, hereby remanded to the district court, for further proceedings in accordance with law

and the views herein expressed; the costs of appeal to be paid by appellee, and the other costs to await the decision of the suit.