FREED   REALTY   CO.,   Appellant,   v.

SINGER

---

(Jan. 3, 1927.   Opinion and Decree.)
(Jan. 31, 1927.   Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 197, 333.**

Answers by one of the parties to interrogatories on facts and articles propounded by the other are equivalent to a counter letter and have the same force and effect.

2. **Louisiana Digest—Sales—Par. 8; Mortgages—Par. 4.**

The conveyance of property in the form of an act of sale does not vest ownership in the apparent buyer if the act was really intended by both parties to be a mortgage or security.

Appeal from Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by Freed Realty Co., Inc., against Isidore Singer.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded.

E. M. Stafford, Daniel Wendling, of New Orleans, attorneys for plaintiff, appellant.

A. D. Danziger, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.   This is a suit to be recognized as owner of immovable property.

The plaintiff alleged that it appeared by an act before E. M. Stafford, notary, dated September 20, 1922, that C. S. Thomas sold to Isidore Singer two lots of ground on Apricot street, more fully described in said act, for the price of $1300; but the truth was that the plaintiff was the purchaser of said property and paid the price of $1300, and it was agreed, verbally, between plaintiff and defendant that whenever requested the defendant would transfer the title of said property to plaintiff by notarial act, but that the defendant has refused to transfer said property to plaintiff. Plaintiff prayed for judgment recognizing it as the owner of the property mentioned in said petition.

The plaintiff annexed to its petition interrogatories on facts and articles to be answered by the defendant.

The interrogatories were as follows:

1st. Is it not a fact that the said property was transferred to you merely for the convenience of the plaintiff who requested you to appear before said notary and take title in your name, and is it not a fact that the consideration for the sale, $1300, was paid by the plaintiff and that you have no title or interest in said real estate and that the plaintiff is the real owner of the property?

2nd. Was it not agreed with the plaintiff that you were to transfer said property to the plaintiff?

The defendant denied all the allegations except as hereafter set forth.

Answering the interrogaroties he admitted the sale of the property to him and averred:

"That at the time the act of sale was passed before E. M. Stafford, notary public, on September 20, 1922, as set forth in plaintiff's petition, the plaintiff herein was and is justly and truly indebted unto your petitioner in the sum of $1309.74 for this, to-wit: First, that in December of 1920, respondent had sold and delivered to the plaintiff herein, the materials fully set forth in the annexed list and used in the premises belonging to the plaintiff herein, at 1035 Iberville street amounting to $271.09; second, that the said plaintiff was indebted to respondent for materials furnished to the premises 3805-07 Annunciation street in March and April of 1922, amounting to $388.65, as fully shown on the annexed list made part hereof; third, and plaintiff was further indebted unto respondent in the sum of $650,

being ten per cent builder's commission or profit on the house built by respondent for plaintiff at 2223 Peniston street in the latter part of 1920, and the early part of 1921, making a total as above set forth of $1309.74.

"That said items run respectively with interest as follows: On $271.09 from December 31, 1920, until paid; on $659 from April 1, 1921, until paid; and on $388.65 from April 30, 1922, until paid. Respondent avers that in order to secure respondent for the amount thus due to him, the plaintiff herein caused the property described in plaintiff's petition to be deeded over to respondent and the plaintiff did, as set forth in plaintiff's petition, pay the purchase price thereof and respondent agreed that whenever the said property was sold, to transfer the property to any purchaser designated by the Freed Realty Co., provided that the entire amount due respondent should be paid out of the sale price of said property, and respondent avers that he has always been ready and willing and is still ready and willing to transfer said property to whomsoever the plaintiff herein may designate, provided that respondent is paid the above mentioned amount with interest and costs, in accordance with the agreement entered into between plaintiff and defendant".

There was judgment for defendant and plaintiff has appealed.

Upon the trial of the case the plaintiff called Mr. Freed as a witness for the purpose of disproving and attacking and contradicting so much of the answer of the said Isidore Singer as relates to any indebtedness set out in the answer of the said Isidore Singer and to offer other witnesses for the same purpose, and to have prove that those claims of $1309.74 are not due, and likewise that there was no

understanding that this property was to be put in the name of the defendant as security for debt.

Upon objection of the defendant based on Articles 354, 356 of the Code of Practice and 2440, 2236, 2275, 2290 of the Civil Code, and the case of Lariede vs. Perkins, 132 La. 660, the court excluded the evidence.

Article C. P. 354, as amended by Act 243 of 1868, reads as follows.

"The answers of the party interrogated aree vidence, but do not exclude adverse testimony, and shall be weighed by the judge as other testimony."

Article 2440 (2415) reads as follows:

"All sales of immovable property shall be made by authentic act or under private signature. Except as provided in Article 2275 (2255), every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."

The jurisprudence interpreting these articles is as follows:

Answers to interrogatories cannot be contradicted by parole with a view of establishing title to immovables. 3 L. 119; 6 R. 439; 10 R. 472-473; Marionneaux vs. Edwards, 4 La. Ann. 103; Semere vs. Semere, 10 La. Ann. 704; Stocks vs. Furguson, 10 La. Ann. 132; Knox vs. Thompson, 12 La. Ann. 115; Barbin vs. Gaspard, 15 La. Ann. 540; Gusman vs. Mrs. Hearsy & Husband, 26 La. Ann. 252; Godwin vs. Frederick, 42 La. Ann. 738, 7 So. 744; State vs. Schlemmer, 42 La. Ann. 1166, 8 So. 307; Larido vs. Perkins, 132 La. 660, 61 So. 728.

Parole evidence to show that a purchaser bought property in his name for account of another, or as agent or otherwise, is not admissible. State vs. Bank of La., 5 M. (N. S.) 354; Muggah vs. Greig, 2 La. 596; Badon vs. Badon, 4 La. 169; Liatuad vs. Baptiste, 3 R. 452; Stierle vs. Kaiser, 45 La. Ann. 580, 12 So. 839; Breed vs. Gua, 10 R. 35; Bauduc vs. Conrey, 10 R. 471; Seaton vs. Sharkey, 3 La. Ann. 333; Fuselier vs. Fuselier, 5 La. Ann. 132; Hoover vs. Miller, 6 La. Ann. 205; Heiss vs. Cronan, 12 La. Ann. 213; Douville vs. Sun Mutual Ins. Co., 12 La. Ann. 261; Wooters vs. Feeny, 12 La. Ann. 879; Wood vs. Harrell, 14 La. Ann. 62; to establish title in plaintiff or to contradict answers to interrogations. Smith vs. Lambeth's Executors, 15 La. Ann. 567; Nouvet vs. Virty, 15 La. Ann. 653; Barbin vs. Gaspard, 15 La. Ann. 539; McKenzie vs. Bacon, 40 La. Ann. 162; Perrault vs. Perrault, 32 La. Ann. 636; Hackenburg vs. Gastskamp, 30 La. Ann. 898; Lord Cecil vs. Board of Liquidation, 30 La. Ann. 421; Hamlin vs. Board of Liquidators, 30 La. Ann. 449; Barkdull vs. Herwig, 30 La. Ann. 620; Buck & Beauchamp vs. Blair & Buck, 34 La. Ann. 767; Succession of Thomas, 12 R. 215; Barrow vs. Grant's Estate, 116 La. 953, 41 So. 220; Hoffmann vs. Ackermann, 110 La. 1070, 35 So. 293; Succession of Lewis vs. Lewis, 129 La. 648, 56 So. 621; Succession of Block, 137 La. 307, 68 So. 618; Edenborn vs. Blacksher, 137 La. 898, 69 So. 737; Hanby vs. Texas Co., 140 La. 189, 72 So. 933; Whelage vs. Lotz, 44 La. Ann. 600, 10 So. 933.

In all these cases and in the Larido case the single question was one of title; there was no money claim by defendant, nor question of security.

In his reasons for judgment the learned judge of the district court said:

"It is, however, well settled by the jurisprudence of this State, that where there has been a failure to exact a counter letter in a case like this and resort is had

to ·interrogatories on facts and articles, the answers to the interrogatories stand in lieu of a counter-letter, and whatever is stated in the answers to the interrogatories on facts and articles must be taken ast rue. They cannot be divided, nor can they be contradicted in whole or in part by parol; they stand as a whole. But it is settled by the text of the Louisiana law, by an unbroken line of decisions, supporting the text, that title to real estate cannot be proven by parol, but 'can be proven only in writing, and it also provides that in questions of real estate, interrogatories on facts and articles can be propounded and the answers to such interrogatories are regarded as written evidence, but those answers stand or fall, just as a wrotten document would stand or fall. The answers make it clear that this department holds title to this real estate, and is by right and title to continue to hold that title in his name until the amount of the indebtedness claimed by him is paid to him."

The learned judge is absolutely correct in his exposition of the law, but his attention was not called to another line of decisions which say that when the counter letter . or the answers to interrogatories disclose by themselves that the act purporting to be a sale was merely intended to serve as security for a debt due the apparent purchaser that the act will not be treated as a sale but as a mortgage or pledge, or antichresis, conferring upon the transferee an innominate jus ad rem upon the property conveyed.

Parties may call their acts what they please, but courts will interpret them by the intention of the parties and give them the consequences resulting from the law.

If we must assume that the answers of the defendant to the interrogatories serve as a counter letter and are true as to the nature of the act translating some sort of right to him, then the act to him was not translative of property but was only a security for the payment of the debt men-

tioned in his answers to the interrogatories and must be so interpreted and applied. Such was the jurisprudence since an early period. Phillips vs. Paxton, 3 M. (N. S.) 39; 1 N. S. 417-524; 2 N. S. 22; 3 N. S. 531; 6 N. S. 583; Hayden vs. Nutt, 4 La. 71; Gleises vs. McHatton, 14 La. Ann. 560; Parmer vs. Mangham, 31 La. Ann. 350-355; Wang & Cottam vs. Finnerty, 32 La. Ann. 94; Herold vs. Stockwell, 32 La. Ann. 949; Crozier vs. Ragan, 38 La. Ann. 154; Henkel vs. Mix, 38 La. Ann. 272; Prude vs. Morris, 38 La. Ann. 768; Jackson vs. Lemle, 35 La. Ann. 855.

Far from contradicting the answers of defendant to the interrogatories, plaintiff was on the contrary attempting to enforce the contract set forth in those answers, namely, not a sale but a security, which he had the right to do under the answers and the law. The plaintiff was not attempting to disprove title in defendant who had already admitted he had no title, but to disprove so much of the answer as related to any indebtedness and to prove "that those claims were not due".

In the case of Syndics of Bermudez vs. Ibanez, 3 M. 39, where the plaintiff transferred his property as in this case, the court said:

"It being ascertained that Ibanez was not the owner of the land in dispute, it remains to inquire what kind of right he had on that land. His right was not that of a mortgagee, nor that of a purchaser under a claim of redemption, nor can it strictly be called an antichresis. The object of the contract was to vest him with as ample a security as could be given, and when the court further consider that in cases of antichresis, to which this may in some degree be assimilated, the debtor cannot before full payment of the debt, claim the enjoyment of the immovable estate which he has given in pledge, they feel disposed to secure to the defendant, Ibanez, the immediate payment

of his debt, independent of any agreement of the other creditors of Bermudez." 1 N. S. 522; 3 N. S. 529.

"A contract of pledge in the form of a sale will not protect the property of the pledgor in the hands of the pledgee from his creditors." 1 N. S. 417; 2 N. S. 22; Gleiss vs. McHatton, 14 La. Ann. 560.

"A debtor may validly convey his immovable property to his creditor in the form of a sale, in order to secure the creditor, when the value of the property is not in excess of the debt due, reserving to himself the right to redeem within a certain period.

"In such a transaction the conveyance, although in the form of a sale does not vest the ownership of the property in the creditor, but may give him a right to be paid by priority out of its proceeds." Parmer vs. Mangham, 31 La. Ann. 348; Wang & Cottam vs. Finnerty, 32 La. Ann. 94; State vs. Corcoran, 38 La. Ann. 949.

"The conveyance of property in the form of a sale does not vest the ownership in the apparent buyer if the deed was really intended by both parties to be a mortgage." Crozier vs. Ragan, 38 La. Ann. 154.

"The answers of one of the parties to interrogatories on facts and articles propounded by the other are equivalent to a counter letter and have the same force and effect." Succession of Brugier, 146 La. 31, 83 So. 366; Sherman vs. Nehlig, 154 La. 30, 97 So. 270.

"This court has held over and over again that when parties really intend to create a mortgage for the security of an existing or contemplated debt and adopt the form of a sale with counter letter, which taken together, exhibit such intention, the sale will be construed as a mortgage and effect be given to it accordingly. The whole subject with numerous decisions thereon was received in Parmer vs. Mangham, 31 A. 348, and very lately we applied the doctrine in Crozier vs. Ragan, 38 A. 154."

Considering the answers of defendant to the interrogatories equivalent to a counter letter it follows clearly that the pretended act of sale was not intended as translative of the title to the property but only as a security for the debt, and must be so considered by the court. But the amount of the debt is not ascertained and is in dispute, and the plaintiff should be given an opportunity to establish it with certainty.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that there be judgment recognizing the plaintiff as the owner of the property mentioned in the petition therein, this judgment to take effect only when and after full payment shall have been made to the defendant herein of the amount due to him by the plaintiff herein; and in order to ascertain the exact amount due by plaintiff to defendant this cause is remanded to the district court for further proceedings according to law and this opinion.

Costs of appeal to be paid by defendant and appellee, costs of the lower court to await the final decree herein.