FREED REALTY CO., INC., v. SINGER

(January 27, 1930. Opinion and Decree.)

E. M. Stafford and Daniel Wendling, of New Orleans, attorneys for plaintiff, appellee.

A. D. Danziger and P. H. Stern, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues for recognition as owner of certain real estate. It alleges that in an act of sale passed before E. M. Stafford, notary public, on September 20, 1922, the immovable property in question was purchased from C. S. Thomas, and that, though the purchase price, $1,300, was paid by plaintiff, the property, for convenience, was placed in the name of defendant Singer under a verbal agreement that he would convey it to plaintiff whenever requested so to do.

Plaintiff annexed to its petition interrogatories on facts and articles, by which it was sought to elicit from Singer an admission of the truth of the above outlined allegations.

In answer to the interrogatories, Singer, in effect, admitted that he was not the owner of the property, but alleged that it had been placed in his name to secure repayment to him of $1,309.74, which he claims is due him by plaintiff, Freed Realty Company, Inc.

After a trial below the matter was appealed to this court, and we, in reversing the decision of the trial court, held that Freed Realty Company, Inc., was entitled to be placed in possession of the real estate as soon as it repaid to Singer such amount as was due him. We held, however, that, inasmuch as the evidence as to the correctness of Singer's claim should have been submitted in the court below, the case should be remanded so that evidence in regard to the said claim might be produced. See Freed Realty Co., Inc., v. Isidore Singer, 5 La. App. 551.

After hearing the evidence in regard to the claim of Singer, the district court rendered judgment dismissing that claim as in case of nonsuit. Singer has appealed from that judgment, and Freed Realty Company, Inc., has answered the appeal and, in its answer, asks that, instead of the judgment of nonsuit, there be a definite decree of absolute dismissal.

It will be seen that the only question now before us is whether or not Singer's evidence is sufficient to warrant a judgment sustaining his claim.

The claim is composed of three items, as follows:

1. Materials furnished to the premises 1035 Iberville St.____ $ 271.09
2. Materials furnished to the premises 3805-07 Annunciation Street _____ 388.65
3. 10% builders commission on house at 2223 Peters Ave._____ 650.00

Total _____ $1,309.74

A. A. Freed, who seems to have managed and controlled Freed Realty Company, Inc., and defendant, Singer, for several years had offices together, and during that time had many friendly deals and arrangements, under which they entered various joint real estate enterprises for their mutual advantages. On many occasions they seem to have loaned money to each other. They were very close friends, and most of these enterprises were entered into on purely verbal agreements, so implicit was the confidence each had in the other.

Finally, misunderstanding and suspicion succeeded harmony and confidence and each charged that he had been victimized by the other. An attempt was made to balance accounts, but, although some kind of a settlement was effected, it is now charged that the items now in dispute were not included in that settlement.

The record is voluminous, and the question presented is purely one of accounting; but we have striven diligently to reach a conclusion therefrom.

It would serve no good purpose to discuss in detail the evidence. Were we privileged to consider the question of fact without regard to the decision reached by the district court, and were it not for the rules of evidence which place the burden of proof on Singer, it is possible that we would have come to the conclusion that Singer's evidence was slightly more convincing than that on the other side. But we cannot dismiss from our minds the realization that the trial judge saw and heard the witnesses and was thus in a much better position than we are to properly decide the issue, which, as we have said, is one entirely of fact.

Then, too, inasmuch as we have already held that Singer is holding the property, which does not belong to him, solely as security for such debt as he may be able to prove is due him, the burden of proof unquestionably rests on him to establish that debt by a preponderance of the evidence.

That he recognized this is shown by the following statement of the trial court and the answer made by Singer's attorney:

"The Court. * * * It is up to Singer to prove the verity of these items; he carries the burden.

"Mr. Danziger. We are willing to assume that responsibility."

For these reasons: That Singer has not sustained the burden of proving his case, and that a strong presumption of its correctness attaches to the finding of the trial

judge, we do not feel that the judgment should be reversed.

But we are unable to see that any good purpose can be served by affirming the judgment of non-suit. It is very evident from the voluminous record that the matter was exhaustively presented to the court below, and if we affirm the judgment of non-suit the effect would be that the property would remain subject to the claim of Singer, and would thus be indefinitely removed from commerce and that the litigation, which has already extended over a considerable period, would be further prolonged, because it is probable that, on the next trial, no additional evidence could be produced by either of the parties.

It is contrary to the public policy of the state that property should be indefinitely removed from commerce, and it is highly desirable that litigation be terminated as soon as is reasonably possible. We therefore feel that a definitive judgment, dismissing the suit, should be rendered.

It is therefore ordered, adjudged and .decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of Freed Realty Company, Inc., and against Isidore Singer, recognizing the Freed Realty Company, Inc., as the owner, and ordering the said Isidore Singer to turn over to said Freed Realty Company, Inc., the following described property, to-wit:

"Two certain lots of ground, together with all the improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in any wise appertaining situated in the 7th District of this city, in square bounded by Apricot, Leonidas, Monroe and Pritchard Streets, Square No. 409, which said lots are designated by the Nos. 5 and 6, and adjoin each other, measuring each thirty feet front on Apricot Street by a depth of One hundred and twenty feet, between parallel lines, lying at a distance of One hundred and twenty feet from the corner of Leonidas and Apricot Streets."

All costs to be paid by defendant and appellant.

Judgment reversed and suit dismissed.