## C. F. BERENS v. J. P. M. DUPRE, et. al.

An administrator has no right to bring a revocatory action to annul a sale of property which had been made by the intestate, unless there be creditors who have been injured by the sale.

The only ground on which a creditor can attack a sale made by his debtor is, that he has been injured by it.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *G. LeGardeur* and *James Foulhouze*, for plaintiff. *C. Dufour*, *H. Train* and *C. Redmond*, for defendants. The judgment of the court was pronounced by

PRESTON, J. On the 14th of December, 1849, *Emeline Soulé*, sold all her real property, worth about $3000, to the plaintiff, by an authentic act before a notary public. He assumed as the consideration of the sale, a mortgage upon the property for $500, in favor of *Pierre Caillou*, and agreed to pay her fifteen dollars a month in money, during her life. He made the payment in money daily, but about two months after the sale she died.

The defendant applied for the administration of her estate, at the instance of *Cydalise* and *Minette Tardos*, who claimed to be the only heirs of the deceased, and he was appointed and qualified. The undisputed effects of the deceased were appraised at only twenty-three dollars; but the administrator caused to be inventoried, as effects of the successson, the real property sold to *Berens* which was appraised at $3150.

He applied for and obtained an order to sell this property, for the purpose, as alleged, of paying debts and winding up the succession. *Berens*, by virtue of the deed to him of the 14th of December, 1850, enjoined the sale of the pro-

perty.  The administrator answered the petition for an injunction, and claimed its dissolution on various grounds, in which *Cydalise* and *Minette Tardos*, substantially joined by means of an intervention.

They alleged substantially, that the sale was obtained from the deceased while in a state of insanity, of which even the act itself afforded intrinsic evidence, that she was the whole day on which it was executed in a state of intoxication, which incapacitated her to contract ; that fraud and imposition was practised in obtaining the sale ; that it should be rescinded for manifest lesion; that the act was a disguised donation of all the donor's property, not even reserving enough for her subsistence ; and was, therefore, null by article 1484 of the Civil Code.

The deceased died intestate, she is proved to have been the natural child of one *Bellefine Bardonelle.*  She left neither ascendents nor descendents, brothers, sisters, nor surviving spouse, and the presumption is, that the State succeeds to her estate, if she left any.

It is proved beyond doubt, that *Cydalise* and *Minette Tardos*, at whose instance administration was granted on the estate, are not heirs of the deceased. They have, therefore, no interest in winding up 'the estate, and the sale to *Berens* cannot be annulled on their behalf.

So it appears that there were no debts of the deceased, except the mortgage in favor of *Pierre Caillou*, which was assumed by *Berens*, and with which, for aught that appears, *Caillou* is content.  We concur in opinion with the district judge, that a sale cannot be annulled by an administrator, when it clearly appears that no creditor has been injured by the sale.  The only ground on which a creditor can attack the act of his debtor, however fraudulent, is that he is injured by the act.

Although, therefore, the parties have agreed that this shall be considered a revocatory action by the administrator to annul the sale to *Berens*, we do not feel it our duty to investigate the case on its merits ; because, if our decision should be in favor of *Berens*, contradictorily with those who have no interest in the case, it ought not to be binding upon those who may hereafter shew an interest to have the sale annulled.

The plaintiff, having at least an apparent title to the property, has a right to enjoin the sale of it by those who have no interest to annul his title.  We do not consider that such an interest can be created by an administration or its expenses.  The acts of the deceased can be attacked only by heirs, legatees or creditors, whose debts existed at the time of her decease.

The injunction against the sale of the property by the administrator of *Emeline Soulé*, is therefore maintained, at the costs of the defendant, without prejudice, however, to the rights of any party having an interest to attack the plaintiff's title.  With this explanation, the judgment of the district court is affirmed, with costs.