### ANTONIO NOLASCO et al. *v.* S. H. LURTY, Administrator.

The mother of a natural child, deceased without posterity, is entitled to the inheritance to the exclusion of natural brothers and sisters.

An action for the recovery of a legacy is barred by the prescription of ten years.

APPEAL from the District Court of the Parish of Point Coupée, *Haralson*, J. *Hudson*, for plaintiffs and appellants. *Brewer & Collins* and *U. B. & E. Phillips*, for defendants.

VOORHIES, J. The plaintiffs, *Antonio Nolasco* and *Gertrude Nolasco*, free persons of color, claim by inheritance the *Succession of Antonio Nolasco, James Nolasco* and *John Rous*, of which *John C. Morris*, since deceased, was appointed curator by the Court of Probates of the Parish of West Feliciana. The petition alleges that *Antonio Nolasco* died testate, bequeathing to the plaintiff *Antonio Nolasco, Margaret Nolasco* and *Gertrude Nolasco*, his acknowledged natural children, born of *Ellen Wooten*, a free woman of color, a legacy of $1,000, and the residue of his estate in equal portions to his brother, *James Nolasco*, and *John Rous*; that *James Nolasco* also died testate, bequeathing one-half of his estate to *John Rous* and the other to *Margaret, Gertrude* and *Antonio*, the children of *Ellen Wooten*; that the plaintiff *Gertrude* is the uterine sister of her co-plaintiff, born subsequent to the death of the testator, *Antonio Nolasco*, deriving her rights from her two half sisters, *Margaret* and *Gertrude*, who died at the age of minority without issue, and from her mother, who died since the institution of the present suit; that after the death of both testators and the legatee, *John Rous*, *James Turner was appointed curator of the three successions*, and as such was succeeded by *John C. Morris*, to whom he rendered an account of his administration; that the latter's appointment *was renewed* from *time to time* until the 20th of September, 1830, when he filed a tableau of distribution, embracing the three estates and acknowledging the receipt of $4,476 57 from his predecessor, *James Turner*, who had also thus administered said estates. It is alleged that the legacy to *Margaret* and *Gertrude* devolved at her death on her mother and the plaintiffs as her legal heirs. The claim of the plaintiff *Gertrude* is limited to whatever rights she may have acquired by inheritance from her half sisters. The other plaintiff claims one-third of the $1,000 legacy, one-sixth of the estate of *James Nolasco*, as legatee under his will, and whatever rights may have devolved upon him from the successions of his deceased sisters, *Margaret* and *Gertrude*.

The defence set up is that of *res judicata*; that the matters now in controversy have already been passed upon, first, in the judgment of homologation of the account rendered by the curator *Morris*, whose estate is represented by the defendant as administrator; and, secondly, in the judgment in the case of *Ellen Wooten, f. w. c.* v. *G. Harrison, tutor, et al.* (See 9 A. 234.) The defendant also interposed the prescription of one, two, three, five, ten and twenty years as a bar to the action.

The first question presented is a motion to dismiss the appeal, on the ground that the appeal bond was signed by one of the plaintiffs, without the authorization of her husband. The record discloses the fact that E. Populus, besides appearing with his wife in the case, has specially authorized her " to act and perform all acts necessary for protecting her interest in the prosecution of the same to its final termination." We consider this sufficient.

Our next inquiry is, what were the rights acquired by the respective parties under the alleged heirship. *Ellen Wooten* inherited both estates of her natural children, *Margaret* and *Gertrude*, to the exclusion of *Antonio* and *Gertrude*, the plaintiffs in this case. C. C. 916. The plea of *res judicata*, based on the judgment in the case of *E. Wooten, f. w. c.* v. *G. Harrison, tutor, et al.*, must be considered as a perpetual bar to the plaintiffs' recovery of any rights alleged to have been derived from the estates of the testators by inheritance from their mother. 9 A. 234. It is clear then that the claim of the plaintiff, *Gertrude*, is entirely unfounded in law. With respect to the other

NOLASCO
v.
LURTY.

plaintiff, *Antonio*, we consider the action for the recovery of the legacies bequeathed to him barred by the prescription of ten years. The present case is analogous in principle to the one of *Wilson* v. *McGreal*, 12 A. 257.

Judgment affirmed.