ESTATE OF J. WEST v. ESTATE OF J. HICKMAN.

In a suit by the administrator of an estate to recover property sold by the intestate, parol proof is inadmissible to show that the sale by authentic act was simulated, unless the sale is alleged to have been made in fraud of creditors.

When the defendant sets up in his answer title by authentic act, to the property sued for, the plaintiff is entitled to amend his petition, by putting at issue the validity of such title.

APPEAL from the District Court of the Parish of Rapides, *Cullom,* J. *W. B. & J. C. Lewis,* for plaintiff. *T. C. Manning,* for defendant and appellant.

MERRICK, C. J. " Plaintiff, as administrator, claims, on behalf of the estate of *J. West*, certain slaves, with their increase and hire, since November 7th, 1851, from the estate of *Thomas J. Hickman*. He alleges that these slaves were delivered into *Hickman's* possession by virtue of an act *sous seing privé*, of date of 7th November, 1851, which was a mere simulation, and never intended to be a transfer of ownership. He prays that they be adjudged to be delivered to him as administrator ; further prays for hire since November, 1851, and for costs and general relief."

" Defendant's answer denies any knowledge of the act mentioned in plaintiff's petition, and sets up title to the slaves, together with three others, by virtue of an authentic act, dated 28th of February, 1852, purporting to be a sale from *West* to *Hickman*. He alleges some of these slaves to be in plaintiff's possession, and sets up claim in reconvention for hire.

" After answer filed, and before trial, plaintiff moved to amend his petition, alleging the simulation also of the authentic act, set up in defence, and further claiming other property, delivered by *West* into *Hickman's* possession in the month of November, 1851, on the same ground as that upon which the slaves are claimed.

" This amendment was objected to, and the court sustained the objection."

The plaintiff excepted.

On the trial of the case, the plaintiff offered parol proof of the declarations and admissions of the parties to the act, to show simulation, to which the defendant excepted.

From a judgment in favor of the plaintiff, defendant appeals.

The evidence, as it stands, shows, that the sale was undoubtedly a simulation. But from a consideration of the pleadings, it is evident, that so much of the proof as relates to the declarations and admissions of the parties, was inadmissible, and ought to have been excluded. There is no allegation in the petition, that the simulation was in fraud of or to the injury of creditors. Without such allegation, the administrator cannot be permitted to give parol proof to defeat defendant's authentic title. *Gravier's Curator* v. *Carraby's Executor*, 17 La. 118 ; *Judson* v. *Connolly*, 4 An. 169 ; *Berens* v. *Dupré et al.* 6 An. 494.

The court also erred in refusing the plaintiff leave to amend and attack the authentic title set up against him by the defendant. The proposed amendment did not change the nature of plaintiffs demand, but tended to remove another obstacle in the way of his recovery.

The case must be remanded, in order to allow the plaintiff to amend his pleadings, and put directly at issue the validity of the notarial act set up by defendant. Should the plaintiff decline to amend, (as he may do,) by alleging injury to the creditors of the succession, he may still submit the question, whether the counterletter was not intended by the parties to apply to the notarial act also.

And this counter-letter may be read by the " light of surrounding circumstances," and the plaintiff may, for this purpose, show the acts of the parties independent of their declarations, and even that no consideration was given at the notarial sale.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and that the lower court be instructed to allow the plaintiff to file his said amended petition, and for further proceedings according to law and the views herein expressed ; the defendant paying the costs of the appeal.