Statement of the Case.
BREAUX, C. J.
Plaintiff, administratrix of the succession of the late George W. Lewis and wife, asks the court for judgment annulling and canceling a dation en paiement of a tract of land on the west side of the Mississippi river, within the limits of the city of New Orleans, made by her late mother, Mrs. Ellen S. Lewis, widow of George W. Lewis, both deceased, to the defendant, John I-I. Lewis.
The act is dated the 30th day of April, 1898, executed before W. H. Seymour, notary public.
The charge brought by plaintiff is that the defendant, John H. Lewis, acted in bad faith and fraudulently in accepting title to the land; that the property was of value over five times the asserted consideration of the dation en paiement (if there was any consideration at all) plaintiff alleges.
Plaintiff, the administratrix, avers that John H. Lewis was indebted to v,ne succession of his late father and mother.
She also avers that the want of consideration of the dation en paiement is made evident by a conveyance which defendant made to his mother of the usufruct of the property on the same day that he received the property as a dation en paiement.
The act conveying the usufruct contains the following:
In addition to granting the usufruct for the mother’s natural life, it states, “free from all rent, taxes and charges.”
This act granting the usufruct was under private signature. It was only recorded in 1902, although the grant of the usufruct was made on April 30, 1898.
The plaintiff alleges, in substance, that Mrs. Ellen S. Lewis, widow of George W. Lewis, at the date of the dation en paiement, regretted that she had executed this dation •en paiement; that she thought it was an injustice to the other children and was anxious to recall it and have it canceled from the record; that she mentioned to her children and other relatives that she would have it canceled.
Plaintiff also avers, in substance, that the defendant owned to his brothers and sisters that the act of dation en paiement was invalid, and said that the property belonged to the community which existed between Mrs. *641 Ellen S. Lewis, the mother, and George W. Lewis, the father, both deceased.
Plaintiff states specifically that, while members of the family were at Uncus Lewis’ (Uncus Lewis is one of the brothers; he was a son of George W. Lewis and Mrs. Ellen S. Lewis), in January, 1909, defendant recognized the rights claimed by the other heirs. ■ The plaintiff also avers, in substance, that the position in regard to this land is made very evident by the fact that for an amount stated in the deed as $200 he bought out the interests, of one of the other heirs in the successions.
There is also an intervention in this suit.
The heirs intervened and joined the plaintiff, and asked that a judgment be rendered in her favor.
In their petition, these heirs reiterated the allegations made by plaintiff in her petition.
This presents the case of plaintiff as relates to the pleadings.
Defendant’s defense, in thé first place, was that the plaintiff had no cause of action. 1-Ie pleaded also, by way of exception, the plea of prescription of four, five, and ten years.
In his. answer, the defendant, reserving all of the rights he had alleged in his exception, alleged, in effect, that his mother, Mrs. Ellen S. Lewis, was in possession, and had been in possession of the property for many years; that he bought in April, 1898, in good faith, and has remained in possession since the date of his purchase. He has made repairs and improvements and paid the taxes.
With respect to his account, annexed to the dation en paiement, he alleged that it was a correct account and justly due by his mother; that, in addition to this account, he had granted the usufruct of the property to his mother, although he had paid full value for the property.
He added that, if the case was decided against him, he would be entitled to the value of his improvements, the repairs, and the taxes, as well as to the price that he paid for the property.
The record shows that Miss Eliza O. Lewis became the ’ owner of the property in the year 1857.
The contention is on the part of plaintiff that the property was bought by George W. Lewis, but that, for good reason, the title was made in the name of Miss Eliza C. Lewis. It was, it is stated, to protect a loan made to George W. Lewis of a sum belonging to Col. A. J. Lewis, at the time a minor.
The property, none the less, appeared on public record as the property of Miss Eliza C. Lewis, until the 1st day of October, 1892, years after the death of George W. Lewis, her brother.
It is in evidence that, although the property is not in the name of George W. Lewis, he went into possession of the property, cultivated it as a truck farm and orchard, and paid the taxes, and made improvements thereon.
At this point, we take up the exception filed in the district court, and the motion to dismiss the appeal filed in this court, in order at this time to state the grounds alleged.
As relates to the exception just referred to: It is alleged by the defendant, exceptor, that the suit of plaintiff was brought in the name of the administratrix.
We will state here that it is true, as alleged, that the suit was in the name of the administratrix.
The judge of the district court dismissed the exception, and ordered that the forced heirs be made parties.
In compliance with that order, the forced heirs filed a petition of intervention and prayed for judgment in favor of the administratrix. They made no claim for themselves; they only asked that the administratrix recover judgment.
The answer of the defendant did not put *643 the intervention at issue, and no citation was issued.
The pleadings, as relates to the motion to dismiss the appeal, show that the motion for the appeal was made by the administratrix of the succession and the attorney for the absent heirs.
The forced heirs did not join at all in the appeal.
Statement of Facts.
We have seen that many years elapsed without changing or attempting to change record evidence in regard to the title.
There were attempts made by some of the heirs to establish title in the name of the late George W. Lewis.
The evidence leads us to believe that George W. Lewis himself.did not take any great interest in the title. The evidence does not create the impression that he felt the interest of an owner.
Many years after the community had been dissolved, the record owner, Miss Eliza C. Lewis, transferred the property to the widow of George W. Lewis. •
The act, drawn under private signature, was lost. No one seems.to have given any thought to the lost document.
The. attempt was made to fasten some knowledge of this private act on the defendant and to prove that he was not a third person.
I-Ie denies, under oath, that he had any knowledge of such transfer and of the act under private signature.
Other heirs have testified in a general way that he had knowledge. Their evidence is anything but conclusive as against a record title.
There remains to be considered the testimony of one witness, whose sincerity we do not, for a moment, question.
The issue arising at this point will again be considered later in our opinion.
Motion to Dismiss the Appeal.
[1] Before going further in deciding the case, we will pass upon the motion to dismiss the appeal.
The administratrix has not proven that there are creditors of the successions. She alone appeals as administratrix and not as an heir.
In a number of decisions, it has been held that an administratrix has really no right to appeal, when the heirs alone are concerned, or, at any rate, she alone cannot stand in judgment on appeal unless the heirs are parties to the appeal.
The following decisions are pertinent: Woodward v. Thomas, 38 La. Ann. 238; Carroll v. Castleman, 47 La. Ann. 1364, 17 South. 862; Berens v. Dupre, 6 La. Ann. 494; West v. Hickman, 14 La. Ann. 610.
It may be that, taking the succession as a whole, there are facts lurking in the record which will sustain the inference that there were debts, although we have not found such to be the case.
It remains that it has not been alleged that there were creditors, and it follows' that it has not been proven.
It is, in the second place, urged by appellee that the appeal should be dismissed because the attorney for absent heirs has no-authority to appeal.
The court held, in Bach v. Ballard, 13 La. Ann. 487, that it is incumbent upon the attorney for absent heirs to appeal if his clients can 'thereby be benefited. The court held that, if the attorney for absent heirs thought that his clients might be prejudiced, and on that account had appealed, it would' not dismiss the appeal. Kraeutler v. Bank, 12 Rob. 458; Langley v. Burrows, 15 La. Ann. 392.
It appears from this that the right of appeal is more readily sustained when the attorney for absent heirs is the appellant.
It may be that the administrator is more *645 particularly the representative of creditors who are present and can protect themselves, while the attorney for absent heirs represents absentees who are not present to claim for themselves.
We therefore, overrule the motion to dismiss.
[2] Now, as to the exception:
In the first place, defendant pleads the prescription of five years.
The action of nullity and rescission is prescribed by the prescription above stated, except to the extent that the plea of simulation is urged.
Plaintiff’s alleged simulation:
As relates to the latter — simulation—we will take it up later.
As to other grounds for rescinding or annulling acts, the plea of five years’ prescription is sustained.
The next plea is that of four years regarding lesion.
As relates to lesion proper, this exception also is sustained.
As relates to simulation and fraud charged, that will be considered later.
As relates to the prescription of 10 years, also pleaded: The 10 years had elapsed. Plaintiff attacks the good faith of the purchaser. This question also will be considered hereafter.