## SUCCESSION OF WALSH

---

(December 1, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

---

Dart & Dart and Louis C. Guidry, of

New Orleans, attorneys for plaintiff, appellant.

Frank P. Krieger, of New Orleans, attorney for defendant, appellee.

JANVIER, J.  After the death of Michael Walsh, judgment in his succession proceedings was rendered, under which his widow, together with three daughters and one grandson, John Walsh, age thirteen years, were sent into possession of the estate. The widow in community was recognized as the owner of an undivided one-half of the community property and the three children together with the grandson, son of a predeceased child, were sent into possession, each of an undivided one-quarter of the remaining undivided one-half.

Among the community property inventoried there appeared certain real estate described as follows:

"A certain tract of land situated in the Parish of Tangipahoa, State of Louisiana, described as follows:

"First, the W½ of S½ of SW¼ of Section 4, Township 5, S. Range 7 E, containing forty (40) acres more or less.

"Second: the E½ of S½ of SW¼ of Section 4, Township 5, S. Range 7 E. containing forty (40) acres more or less."

Thus as a result of the said judgment of possession the real estate in question was placed in the possession of the following persons in the proportions set forth:

Mrs. Ellen McDonald Walsh (widow), one-half.

Catherine Julia Walsh (daughter), one-eighth.

Claire Elizabeth Walsh (daughter), one-eighth.

Mary Walsh (daughter, wife of F. E. Clesi), one-eighth.

John Walsh (minor grandson), one-eighth.

The widow, Mrs. Ellen McDonald Walsh, thereupon qualified as the natural tutrix of her minor daughters, Catherine and Claire, but no one was appointed as the representative of the minor grandson, John.

About eighteen months after the judgment of possession was rendered, Mrs. Walsh, as the natural tutrix of her minor child, Claire Elizabeth, filed, in the tutorship and succession proceedings, a petition in which she alleged that although the realty above described had stood on the public records in the name of her deceased husband and had been inventoried as forming part of the community estate, formerly existing between her and him, in truth and in fact it belonged to one David F. Williams, for whom it had been bought, and who had paid the said Walsh in full therefor prior to the death of the said Walsh.

In this petition Mrs. Walsh as tutrix of her said minor child prayed that she be authorized to execute an appropriate notarial act transferring to Williams all claims or interest of the said minor in and to the said realty. An order to this effect was rendered. It appears that the other minor child, Catherine, had in the meantime become the wife of Frank P. Viscardie and had thus become emancipated by marriage.

Thereafter the said David F. Williams filed a petition in the succession proceedings in which he alleged that he was in fact the real owner of the realty in question, for the reasons to which we have already referred; that Mrs. Walsh, on her own behalf and as the specially authorized tutrix of her minor child, and the other daughters, Catherine Walsh Viscardie and Mary Walsh Clesi, had executed the necessary notarial acts to transfer to him their respective interests or claims in and to the said property, but that the said grandson, John Walsh, was an unrepresented minor; that a curator ad hoc should be appointed to represent him in this matter; and that judgment should be rendered against the said minor recognizing the said Williams to be the true and lawful owner of the whole of the said realty.

It thus appears that the said Williams, when he filed this petition, was in undisputed possession and ownership of an undivided seven-eighths of the property and the only portion in dispute is an undivided one-eighth, standing in the name of the minor, John Walsh.

On this petition an order was granted appointing Nicholas G. Carbajal "curator ad hoc" to represent the minor John Walsh.

The said curator ad hoc thereupon filed answer denying all the material allegations of Williams. When the matter came on for trial, Nicholas G. Carbajal did not appear in person to represent the minor, the note of evidence showing that the minor was represented by "Nicholas G. Carbajal through Mr. Milton De Reyna."

Plaintiff, Williams, submitted proof in the form of oral testimony fully corroborative of the allegations of his petition. No objections were interposed to the introduction of oral evidence to prove title to realty and there was no evidence to the contrary, and judgment was thereupon rendered decreeing Williams to be the owner of the entire property in question.

From that judgment an appeal has been taken, and on behalf of the said minor it is contended that evidence, consisting sole-

ly of verbal testimony, was inadmissible, since title to real estate may not be proved by parol. Ample authority supports this proposition.

In Maskrey v. Johnson, 122 La. 791, 48 So. 266, the Supreme Court said:

"Where the owner of real estate, uninfluenced by fraud or error, vests the title thereto in another, such title can be devested, as simulated, only upon the production of a counter letter, or upon the basis of answers, elicited from the apparent owners, to interrogations on facts and articles."

In the syllabus in the matter of Sagory v. Bouny, 42 La. Ann. 618, 7 So. 785, is found the following:

"In a suit brought against the widow and heirs of a deceased person for the recovery of real property standing in his name at the time of his death, on the theory that deceased was agent for plaintiff, and improperly tok title in his name, held, parol evidence is inadmissible to prove fraud in taking title in his name, that deceased was plaintiff's agent to buy real estate, or for the purpose of establishing title in the plaintiff."

In Freed Realty Co. v. Singer, 5 La. App. 551, the court said:

"Parol evidence to show that a purchaser bought property in his name for account of another, or as agent or otherwise, is not admissible."

See, also, Hackenburg v. Gartskamp, 30 La. Ann. 898; Perrault v. Perrault, 32 La. Ann. 635; Hanby v. Texas Co., 140 La. 189, 72 So. 933; Succession of Block, 137 La. 302, 68 So. 618; Hoffmann v. Ackermann, 110 La. 1070, 35 So. 293; Turner v. Snype, 162 La. 117, 110 So. 109; Eberle v. Eberle, 161 La. 313, 108 So. 549; Succession of Lewis v. Lewis, 129 La. 638, 56 So. 621.

In answer to this contention counsel for appellee, Williams, argues that though title may not be proved by parol, nevertheless, if such evidence is admitted without objection, it is competent and, in support of this view, our attention is called to the following authorities:

Babineau v. Cormier, 1 Mart. (N. S.) 456, in which the court said:

"If parol evidence, in regard to immovable property, be admitted without objection in the inferior court, it cannot be objected to on the appeal."

In Samuel Packwood v. J. L. White et al. 7 La. Ann. 31, we find the following:

"Parties are at liberty to admit parol evidence of a contract for land, and if they do so, the court will give effect to the same. (Cited in McLaughlin, Davis & Co. v. Sauve, 13 La. Ann. 100; Pauline v. Hubert, 14 La. Ann. 162)."

Many other cases are cited in support of this contention.

But it is quite apparent that here the situation is not the same as is presented where the parties are of full age and are represented by attorneys of their own selection. In such cases the failure to object to the introduction of improper evidence constitutes a waiver of the objection and renders admissible and competent that which might have been excluded. But in the case of a minor, represented by a curator appointed by the court, no waivers are permitted. All objections which ought to be made must be considered as having been made. The minor in such a case is the special ward of the court, and his rights will not be permitted to be prejudiced by the failure of his appointed representative to alertly guard his interests.

In Saenger Amusement Co., Inc., v. Masur et al., 158 La. 745, 104 So. 701, 703, is found a case closely resembling this one in the principle now under consideration. The court said:

"The only claim to consideration which this evidence presents is based upon the fact of its admission without objection. Upon its face it is no more than a conclusion of the witness as to the effect of public records. But in this case the defendants are minors and represented by a curator. The law does not permit a curator to waive anything, and will not hold his principal to the same accountability for his actions as for the actions of an attorney at law employed to represent him."

In another case cited in the Saenger case (Bienvenu v. Factors' & Traders' Insurance Co., 33 La. Ann. 213), the same doctrine is announced, namely, that the rights of a minor cannot be lost by the failure of a judicially appointed representative to fully protect his interests. See, also, Jacobs v. Kansas City Southern & Gulf R. Co., 134 La. 389, 64 So. 150.

It is argued that the equities are with the plaintiff and that the uncontradicted evidence of all of the other interested parties to the effect that Williams is the real owner of the property shows that the minor is attempting to take advantage of a technical situation for his own benefit.

There is no opportunity for a consideration of the equities which may exist as between the parties. In such a situation it is true that there is a possibility that a minor may take advantage of technical rules of evidence to obtain or maintain rights to which he is not entitled. On the other hand, unscrupulous majors might, by connivance, deprive an unprotected minor of legitimate property rights unless these rights are to be protected by the rule that they may not be waived by his appointed representative. But, whatever may be the equitable result, the legal situation remains the same and prevents the admission of the only evidence offered in support of plaintiff's claim.

In view of the fact that we have come to the conclusion that even the curator appointed to represent the minor has no authority to waive his rights, we need not consider the question that is presented by the fact that the curator did· not appear in person but sent a substitute to represent him.

We are of the opinion that a judgment of non-suit would be proper under the circumstances, since if there be proper evidence available, plaintiff should be permitted the opportunity of presenting it in another proceeding if he sees fit to bring one.

The judgment appealed from is therefore annulled, avoided, and reversed, and there is now judgment in favor of defendant, John Walsh, and against plaintiff dismissing plaintiff's suit as in case of non-suit.